UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br><br>SAMUAL CHRISTOPHER KLEINT,<br><br>      Defendant. | Case No. 1:17-cr-00111-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Samuel Kleint's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 37. The Government has filed an opposition to Kleint's Motion. Dkt. 39. Kleint requested an extension to file his reply, which was granted, but he did not submit his reply by the extended deadline. Dkts. 40, 41. The matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On May 2, 2018, after pleading guilty to one count of possession of methamphetamine with intent to distribute, the Court sentenced Kleint to 107 months of

MEMORANDUM DECISION AND ORDER - 1

incarceration with five years of supervised release to follow. Dkt. 33. The mandatory minimum sentence for this case was 120 months, but the Court departed downward from the mandatory minimum by thirteen months pursuant to USSG § 5G1.3(d) to allow for time previously served by Kleint in his state case (CR-FE-2005-932). Dkt. 39, at 3. Kleint is currently incarcerated at Federal Correctional Institution Sheridan ("FCI Sheridan") in Sheridan, Oregon, with an anticipated release date of December 6, 2025. *Id.*

On January 10, 2022, Kleint filed the instant Motion to Reduce Sentence. Dkt. 37. As required, Kleint first petitioned the Warden at FCI Sheridan for release. Dkt. 39-2. There is no evidence submitted to indicate the Warden has responded. Thus, because at least 30 days have passed since the submission of the request, Kleint may petition the Court for relief. 18 U.S.C. § 3582(c)(1)(A). Kleint bases his request on the hardship that COVID-19 precautions have imposed on those incarcerated at FCI Sheridan (including extended periods of cell confinement), his demonstration of good behavior and commitment to rehabilitation, and the deteriorating condition of his mother-in-law. Dkt. 37-2, at 11.

Furthermore, Kleint states he is worried that contracting COVID-19 "over and over again" will result in an inability to work once he is released. *Id.* Records indicate that Kleint contracted COVID-19 while incarcerated in September, 2021, and that he was asymptomatic. Dkt. 39-2. He received his first dose of the Moderna vaccine in December, 2021, and his second dose in January, 2022. Dkt. 39-3. Nevertheless, Kleint maintains he suffers from long-COVID symptoms, including "muscle tremors, fatigue, joint pain, excruciating headaches that are so light sensitive he can't see for several minutes sometimes, and extreme nausea for no reason at all." Dkt. 37-2, at 11.

## III. LEGAL STANDARD

Kleint seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Kleint submitted a request for Compassionate Release with the Warden at FCI Sheridan on November 20, 2021, and there has been no response. Dkt. 39-1. The Government agrees that more than 30 days have passed since Kleint's request to the Warden.  Dkt. 39, at 1. Because Kleint filed his present Motion 30 days after submitting his request to the Warden with no response, the Court finds that he has exhausted his administrative remedies.

### B. Extraordinary and Compelling Reasons

Having determined that Kleint has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Kleint bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of

MEMORANDUM DECISION AND ORDER - 4

the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Kleint argues that his fear of contracting COVID-19 in the prison environment, the prison environment itself, and the desire to help care for his ill mother-in-law, in the aggregate, constitute extraordinary and compelling circumstances necessitating

MEMORANDUM DECISION AND ORDER - 5

compassionate release under the "medical condition" scenario in subdivision (A)[3] of U.S.S.G. 1B1.13, Application Note 1, the "family circumstances" prong in subdivision (C), and the "other extraordinary or compelling reasons" prong in subdivision (D).

The Court first considers Kleint's medical concerns.

Kleint's BOP medical record indicates he is 39 years old and in good physical health with no medical issues. Dkt. 39-2. Nothing appears to place him at an increased risk of contracting severe illness from COVID-19. As noted, Kleint actually contracted, and recovered, from asymptomatic COVID-19 while incarcerated, and was subsequently fully vaccinated. Dkt. 39-2. Kleint reports that he suffers from long-COVID symptoms, including "muscle tremors, fatigue, joint pain, excruciating headaches that are so light sensitive he can't see for several minutes sometimes, and extreme nausea for no reason at

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

    (A)      Medical Condition of the Defendant.—

    (i)       The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)      The defendant is—

    (I)      suffering from a serious physical or medical condition,

    (II)     suffering from a serious functional or cognitive impairment, or

    (III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

MEMORANDUM DECISION AND ORDER - 6

all." Dkt. 37-2, at 11.  He has not submitted medical records to support this assertion.

Additionally, there is no evidence to suggest that Kleint would be at lower risk of re-contracting the virus if he were released. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less-exposed to the pandemic by remaining at the prison. *See United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at MDC are housed in separate units, and the staff at MDC has undertaken a variety of interventions [] to prevent the virus from reaching and spreading within the prison"); *United States v. Chillemi*, 2022 WL 124559, at *2 (D. Ariz. Jan. 13, 2022) (denying motion for inmate with hepatitis C and hypertension based on COVID-19 risks where the incarcerated movant's condition did not prevent him from exercising self-care, and where a previous COVID-19 infection had not created "debilitating effects."); *United States v. Kim*, 2021 WL 1823340, at *3 (D. Haw. May 6, 2021) (denying the defendant's motion because he was fully vaccinated, and there were no active COVID-19 cases at the facility where he was located). Indeed, as of May 25, 2022, FCI Sheridan is reporting zero active cases among inmates and six active cases among staff.[4] The BOP's efforts to curb the

---

[4] Federal Bureau of Prisons, COVID-19 https://www.bop.gov/coronavirus/ Information, available at (last accessed May 25, 2022).

MEMORANDUM DECISION AND ORDER - 7

spread of COVID-19 include (but are not limited to) eliminating social visitors, daily symptom screening of staff, quarantine of positive inmates, widespread vaccination efforts, and mandatory mask-wearing by staff and inmates. Dkt. 39-1, at 10. In fact, as of May 25, 2022, BOP reports a total of 295 federal inmate deaths among its current inmate population of 138,902.[5] Kleint indicates that upon release he would reside with his wife, presumably at her address in Fruitland, Idaho. As of May 25, 2022, Payette County has had roughly 5,604 cases and 87 deaths due to COVID-19.[6] Thus, there is no indication Kleint would be any "safer" in the community from COVID-19. The Court cannot find there is an extraordinary and compelling reason under the FSA for his medical condition.

Second, Kleint contends that the prison environment has been excessively punitive due to COVID-19 restrictions and that his rehabilitation efforts have been successful enough to constitute grounds for early release. Though he does not expressly say so, these arguments are best analyzed under subsection (D), where there may "exist[] in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1(D). Dkt. 37-2, at 2–3. In support of this assertion, Kleint provides an anecdote detailing how increased confinement hours due to COVID-19 restrictions, combined with an instance of a five-day water failure in the summer of 2020, made for

---

[5] FCI Sheridan currently houses 1,492 inmates. FCI Sheridan has had two inmate deaths since COVID-19 reporting began. Federal Bureau of Prisons, COVID-19 https://www.bop.gov/coronavirus/ Information, available at (last accessed May 25, 2022).

[6] Idaho Division of Public Health, Covid-19 Dashboard. Available at https://public.tableau.com/app/profile/idaho.division.of.public.health/viz/DPHIdahoCOVID-19Dashboard/Home (last updated May 25, 2022).

unpleasant and unsanitary living conditions. Dkt. 37-2, at 6–7. Undoubtedly this water failure did create unpleasant and unsanitary living conditions; however, Kleint's motion indicates the water failure issue was resolved in five days and that FCI Sheridan has returned to baseline operations—with COVID-19 precautions. Dkt. 37-2, at 7–8. Even when courts have considered COVID-19 prison conditions as a factor on a Motion for Compassionate Release, they have held that a change in conditions itself does not warrant a sentence reduction. *See United States v. Thorne*, 2022 WL 1494994, at *2 (W.D.N.C. May 11, 2022) (holding that prison conditions were not more severe than what the court could have anticipated at the time of sentencing.); *United States v. Rodriguez*, 492 F. Supp. 3d 306, 311 (S.D.N.Y. Sept. 30, 2020) (finding that increased lockdown times and COVID-19 health measures were "insufficient on [their] own" to warrant early release).

Additionally, Kleint reports that he has completed several rehabilitation programs and is thus ready to re-enter society. Dkt. 37-2, at 2. The sentencing commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13 cmt. n.3 (citing 28 U.S.C. § 994(t)). While courts have occasionally granted early release based upon a successful showing of rehabilitation when combined with other factors, the evidence of rehabilitation itself must rise to the level of "extraordinary and compelling."[7]

---

[7] In *Rodriguez*, the court found that the evidence submitted in support of the defendant's rehabilitation efforts was "nothing short of remarkable." 492 F. Supp. 3d at 311. The defendant submitted a collection of letters from friends, family, fellow inmates, and, most importantly, from 27 prison staff members attesting to his exemplary work ethic, kindness, and overall attitude that had remained consistent over the course of a 20-year sentence. The court there felt the overwhelming evidence the defendant provided regarding his rehabilitation, *combined with* the defendant's health risks and the new prison conditions, were compelling enough to grant early release. *Id.*

Kleint has not submitted evidence to indicate any such efforts here, beyond a statement from his wife. Dkt. 37-1.

Finally, Kleint argues his Motion should be granted so he can assist his wife in caring for her ailing mother under subsection (C) of the guidelines—family circumstances. Dkt. 37-2, at 11. In support of this final reason, Kleint attaches a letter from his wife stating that she "ha[s] no help" in caring for her parents, both of whom have cancer. Dkt. 37-1 at 1. Family circumstances that would amount to extraordinary and compelling reasons for early release are listed in the FSA as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C). Because Kleint does not move for compassionate release based on the incapacitation of his spouse, the Court need not address whether he would be the "only available caregiver." Furthermore, courts have considered compassionate release for the reason of caring for a parent or grandparent, but have found such circumstances do not amount to "extraordinary and compelling" reasons. *See United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (finding that "[m]any, if not all inmates, have aging and sick parents," and as such, it is not a compelling reason for release.).

Finally, the Government argues the 18 U.S.C. § 3553(a) factors weigh against

Kleint's release at this time.[8] Dkt. 39, at 9-10. The Court agrees. As outlined in the Presentence Investigation Report, the home Kleint was residing in when he was arrested contained 180 grams of methamphetamine. Dkt. 39, at 9. Additionally, law enforcement found 70 grams of methamphetamine on Kleint at the time of his arrest. Dkt. 39, at 9. Kleint has a lengthy criminal history that spans three decades. *Id.* at 10. Despite multiple incarcerations throughout his youth and as an adult, Kleint has continued to recidivate. The Court agrees with the Government's argument that the public is currently best protected by Kleint's continued incarceration. As such, all four factors set forth in U.S.C. § 3553(a)(2) weigh against releasing Kleint early.

In sum, the Court finds that Kleint has exhausted his administrative remedies. However, he has failed to demonstrate an "extraordinary and compelling reason" for his release, and has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Klient at this time. Accordingly, the Court

---

[8] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 11

must DENY Kleint's motion.

## V. ORDER

The Court HEREBY ORDERS:

1.  Kleint's Motion for Compassionate Release (Dkt. 37) is DENIED.

DATED: June 6, 2022

David C. Nye
Chief U.S. District Court Judge